| |
|---|
| **People v Northern Leasing Sys., Inc.** |
| 2024 NY Slip Op 33305(U) |
| September 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 450460/2016 |
| Judge: Shahabuddeen Abid Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. SHAHABUDDEEN ABID ALLY**   PART 16M
*Justice*

| | |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York; and DEBORAH A. KAPLAN, DEPUTY CHIEF ADMINISTRATIVE JUDGE FOR NEW YORK CITY COURTS, | INDEX NO.  450460/2016<br>MOTION DATE  4/22/2024<br>MOTION SEQ. NO.  017 |

Petitioners,

-against-

NORTHERN LEASING SYSTEMS, INC.; LEASE FINANCE GROUP LLC; MBF LEASING LLC; LEASE SOURCE-LSI, LLC, a/k/a LEASE SOURCE, INC.; GOLDEN EAGLES LEASING LLC; PUSHPIN HOLDINGS LLC; JAY COHEN, a/k/a ARI JAY COHEN, individually, as a principal of NORTHERN LEASING SYSTEMS, INC., as a member of LEASE FINANCE GROUP LLC, and as an officer of PUSHPIN HOLDINGS LLC; NEIL HERTZMAN, individually and as an officer of NORTHERN LEASING SYSTEMS, INC.; JOSEPH I. SUSSMAN, P.C.; JOSEPH I. SUSSMAN, individually and as a principal of JOSEPH I. SUSSMAN, P.C.; and ELIYAHU R. BABAD, individually and as a principal or associate of JOSEPH I. SUSSMAN, P.C. ,

**DECISION & ORDER**

Respondents,

> The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 17) to/for **COMPEL**: 1070-1092

In this special proceeding, petitioners move by Order to Show Cause (Seq. No. 17) for an order compelling respondents to comply with the Court's orders, dated September 22 and 28, 2023, by sending notices to lessees and guarantors informing them of their right to restitution. Respondents NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP LLC, MBF LEASING LLC, LEASE SOURCE-LSI, LLC, GOLDEN EAGLES LEASING LLC, PUSHPIN HOLDINGS LLC, JAY COHEN, and NEIL HERTZMAN (collectively, the "Northern Leasing Respondents") cross-move, pursuant to CPLR 2221(d), to reargue the aforementioned orders.

450460/2016 People of the State of New York et al. v. Northern Leasing Systems, Inc. et al.  Page 1 of 4
Mot. Seq. No. 017

1 of 4

Respondents JOSEPH I. SUSSMAN, P.C., JOSEPH I. SUSSMAN, and ELIYAHU R. BABAD (collectively, the "Sussman Respondents") also cross-move, pursuant to CPLR 2221(d), to reargue, adopting the statement of facts and arguments set forth in the Northern Leasing Respondents' papers. For the reasons discussed below, petitioners' application is **GRANTED**, and respondents' cross-motions are **DENIED**.

On September 22, 2023, the Honorable Lucy Billings, J.S.C., issued a Decision and Order in this proceeding[1] entering judgment against the Northern Leasing Respondents in the amount of $680,990,038.00 and against the Sussman Respondents in the amount of $9,303,157.77 (the "September 22 Order"). (NYSCEF Doc. 1062) The September 22 Order was entered in the clerk's office on September 25, 2023, and petitioners filed and served written notice of entry on September 28, 2023. (*Id.* Docs. 1062-63). Subsequently, on September 28, 2023, Justice Billings issued an Amended Decision and Order that corrected certain typographical errors in the September 22 Order (the "September 28 Amended Order"; and, together with the September 22 Order, the "September Orders"). (*Id.* Doc. 1064) The September 28 Amended Order was entered in the clerk's office on October 10, 2023, and petitioners filed and served written notice of entry on October 12, 2023. (*Id.* Docs. 1064-65)

As relevant here, the September 28 Amended Order provides:

> The court stays enforcement of the judgment pending (1) notice to the lessees and guarantors from whom respondents collected lease payments and judgments, informing the lessees and guarantors of their right to restitution, and (2) the establishment of a procedure for distributing the judgment to the entitled lessees and guarantors. Respondents shall propose to petitioners the notice to be sent within 45 days after entry of this order and send this notice to the identified lessees and guarantors within 90 days after entry of this order. If petitioners object to respondents' notice, they may raise their objections via a motion by an order to show cause before expiration of the 90 days.

(*Id.* Doc. 1064 at 8)

The parties agree that, following entry of the September 28 Amended Order, they conferred and reached agreement on the substance of the notice to lessees and guarantors. (Alestra Aff. (NYSCEF Doc. 1071) ¶ 5; Smith Aff. (NYSCEF Doc. 1078) ¶ 4) According to petitioners, however, respondents "are now unwilling to send the notice . . . because they have filed a notice of

---

[1] This proceeding was assigned to the undersigned on December 26, 2023, after Justice Billings's retirement.

450460/2016 People of the State of New York et al. v. Northern Leasing Systems, Inc. et al.
Mot. Seq. No. 017

Page 2 of 4

appeal of these decisions and take the position that the notice should be stayed until all appeals in the case have been resolved." (Alestra Aff. ¶ 6) Petitioners also claim that they requested that respondents "confirm certain aspects of how the notice process will be conducted, and have not received the requested information from [r]espondents." (*Id.* ¶ 8) Petitioners now ask that the Court compel respondents to mail the notices by a date certain and to provide the requested information.

Respondents have indeed filed Notices of Appeal of the September Orders. (NYSCEF Docs. 1065-69) And they do not deny that they have refused to mail the notices pending the resolution of their appeals. (*See* Smith Aff. ¶ 4) Instead, they argue that sending such notices now "is completely unjustified" because of the risk that the September Orders will be overturned on appeal, resulting in "waste and duplication" and the possibility of non-meritorious claims being made for recovery. (*See id.* ¶¶ 5-7)

Respondents' position is meritless. The September 28 Amended Order is clear and unambiguous: respondents were to send the notices within 90 days of the entry of that order, or on or about January 8, 2024. But respondents now concede that they have not complied with the Court's order, essentially because they disagree with it. As respondents are surely well aware, however, merely disagreeing with the wisdom of a court's order does not entitle a party to ignore it. Respondents did not move to stay or modify those portions of the September 28 Amended Order with which they disagreed, nor did they apparently seek any appropriate relief from the Appellate Division. Even now, respondents have not cross-moved for such relief; instead, their cross-motions seek dramatic reductions in the amount of the judgments and the number of potential claimants. (*See* NYSCEF Doc. 1077) The September 28 Amended Order remains in full force and effect, and respondents are in violation of it. Therefore, petitioners' application is granted, and the Court will set appropriate deadlines below.

Turning to respondents' cross-motions to reargue, they must be denied as untimely. Written notice of the September 22 Order was served on September 28, 2023, and written notice of the September 28 Amended Order was served on October 12, 2023, but respondents' cross-motions were not filed until February 13, 2024, well beyond the 30 days permitted under CPLR 2221(d)(3). (*See id.* Docs. 1076, 1082) Respondents concede that the cross-motions are untimely under CPLR 2221(d) but urge that the Court retains continuing jurisdiction to reconsider its own orders. (*id.*

450460/2016 People of the State of New York et al. v. Northern Leasing Systems, Inc. et al.          Page 3 of 4
Mot. Seq. No. 017

Doc. 1077 at 2 n.2; *id.* Doc. 1083 at 2 n.2) The Court declines to exercise its discretion in such a manner upon what is essentially respondents' speculation that Justice Billings overlooked the matters raised in the motions.

Accordingly, it is hereby:

**ORDERED** that petitioners' motion (Seq. No. 17) is **GRANTED**; and it is further

**ORDERED** that respondents **shall, within 60 days** after entry of this Decision and Order, mail the agreed-upon notice to the lessees and guarantors from whom respondents collected lease payments and judgments; and it is further

**ORDERED** that respondents **shall, within 14 days** after entry of this Decision and Order, provide petitioners with the information that they requested concerning the notice process; and it is further

**ORDERED** that the Northern Leasing Respondents' cross-motion (Seq. No. 17) **and the** Sussman Respondents' cross-motion (Seq. No. 17) are **DENIED**; and it is further

**ORDERED** that petitioners shall serve a copy of this Decision and Order upon respondents and upon the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[2] and it is further

**ORDERED** that the Clerk shall mark Motion Sequence No. 17 decided in all court records.

This constitutes the decision and order of the Court.

| September 19, 2024 | | SHAHABUDDEEN ABID ALLY, A.J.S.C. |
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| MOTION: | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| CROSS-MOTIONS: | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | | SUBMIT ORDER | | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

  [2] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

450460/2016 People of the State of New York et al. v. Northern Leasing Systems, Inc. et al.          Page 4 of 4
Mot. Seq. No. 017

[* 4]